### JERSEY CITY GASLIGHT CO. v. UNITED GAS IMP. CO.

(Circuit Court of Appeals, Third Circuit. November 3, 1893.)

#### No. 1.

CORPORATIONS—LEASES—CONSTRUCTION.

A corporation which leases all the property and franchises of another corporation, agreeing to pay all taxes assessed upon "the real and per-

sonal property, franchises, capital stock, or gross receipts" thereof, is not bound to pay a tax levied on "dividends," under a statute existing at the date of the lease.

In Error to the Circuit Court of the United States for the District of New Jersey.

At Law. Action by the Jersey City Gaslight Company against the United Gas Improvement Company to recover a sum paid by plaintiff as taxes, and which it alleges defendant was obliged to pay under the terms of a lease made by plaintiff to defendant. There was judgment for defendant below, (46 Fed. Rep. 264,) and plaintiff brings error. Affirmed.

Hamilton Wallis, (William D. Edwards, on the brief,) for plaintiff in error.

J. D. Beale and Wm. E. Potter, for defendant in error.

Before SHIRAS, Circuit Justice, and ACHESON and DALLAS, Circuit Judges.

DALLAS, Circuit Judge. This action was tried without a jury, and, as was said by the learned judge who tried it, "practically, there was no dispute as to the facts, the real question at issue being the true construction of a covenant in the lease." The covenant referred to is as follows:

"The party of the second part [the defendant in error] shall pay to the party of the first part, [the plaintiff in error,] annually, during the continuance of the agreement aforesaid, the sum of seventy-seven thousand dollars per annum, and the party of the second part shall also pay all assessments and taxes which may be lawfully assessed or levied upon the real and personal property, franchises, capital stock, or gross receipts of the party of the first part during the continuance of this agreement, and shall pay the rent of the office now occupied by the party of the first part during its present lease thereof."

When the indenture in which this covenant is contained was made, there existed a statute of New Jersey, in which state the plaintiff below (a gas company) was doing business, which provided that "every gas company * * * doing business in this state * * * shall pay an annual tax, by way of a license, for its corporate franchise, as hereinafter mentioned." If this tax is included among those which the defendant below had agreed to pay, then, but not otherwise, the judgment in its favor was erroneous. It contends that this tax is not within the scope of its undertaking —First, because, if upon franchises, it has not been, and could not be, "lawfully assessed," in view of the mandate of the constitution of New Jersey that "property shall be assessed for taxes under general laws, and by uniform rules, according to its true value;" and second, because the true intent and meaning of its covenant is not such as to require the payment by it of this particular tax, even if lawful. This court will not, without necessity, pass upon an averment that a statute and the constitution of a state are in conflict; and therefore as we have, upon the last-stated contention of the defendant in error, arrived at a conclusion which is determinate of this case, we refrain from discussion of the other.

To ascertain the true construction of the covenant in question with regard to the point at issue, it is only necessary to read it in connection with other parts of the instrument which embodies it, and with reference to the circumstances under which it was made, and to the position of the parties at the time it was entered into. The plaintiff, by this lease, demised to the defendant, for the term of 20 years, the works and property of the former in Jersey City at an annual money rental therein reserved, and the defendant agreed to pay certain enumerated taxes, among which taxes upon dividends were not specified.  The lease is dated December 17, 1884, and the act of the legislature of New Jersey to which reference has been made was approved upon April 18, 1884.  The first section of the latter, which has already been quoted, required every company of any of the several kinds therein mentioned, including gas companies, to pay a tax by way of license for its corporate franchise; as thereinafter mentioned; and in section 4 it provided "that each gas company * * * shall pay to the state a tax at the rate of one-half of one per centum upon the gross amount of its receipts * * * and five per centum upon the dividends in excess of four per centum.", If the question presented were simply as to the correct interpretation of this statute, distinct and apart from the covenant under consideration, it would be requisite to decide whether the legislative intent was to lay a tax upon franchises, or upon gross receipts and surplus dividends, and, if upon franchises, then to determine whether or not the act contravenes the constitution of New Jersey. But the precise question in this case is a very different one. We have to deal with the covenant of the defendant, and its construction, not that of the statute, is the matter with which we are primarily and chiefly concerned.  The meaning of the contract is the essential subject of inquiry, and that of the statute is of but subordinate consequence.  Presumably, and, no doubt, in fact, the act of April, 1884, was in the minds of the parties when the lease of December, 1884, was made.  It imposed upon the lessor a tax "for its corporate franchise," but required it to pay, at rates designated, upon gross receipts, and also "upon dividends of the said company in excess of five per centum;" and, with these provisions of the law before them, these parties stated their agreement to be that the lessee should pay all taxes "upon * * * gross receipts,"—that is to say, which the lessor would otherwise be required to pay upon such receipts,—and without any mention whatever of taxes which it might be required to pay upon dividends. This marked omission cannot be assumed to have been accidental, nor be taken to have no significance.  Therefore, and without regard to the several questions relating to the construction and constitutionality of the statute, which have been very ably argued, we are of opinion that the defendant did not agree to pay the tax involved in this action, because that tax, whatever may be its subject, is payable upon dividends.

By the lease the real and personal property of the lessor was transferred to the lessee, and the franchises, capital stock, and gross receipts of the former were subjected to the dominion of the latter;

but the right of the lessor to declare dividends from the rental it was to receive, and from any other resources it might have, remained wholly unimpaired and unaffected. Hence it would seem to be a reasonable and natural stipulation that, as between themselves, the lessee corporation should pay all taxes which the state had made, or might make, payable upon the first-mentioned subjects, but that the lessor should itself discharge any taxes, no matter upon what laid, which it had been, or might be, required to pay upon its own dividends; and that this was actually designed by the parties we think clearly appears. If it had been contemplated that the lessee should pay all taxes whatever, any detailed specification of them would have been worse than useless; and if it had been intended to especially impose upon the lessee the obligation to pay taxes payable upon dividends, it is scarcely conceivable that such intent would not have been manifested by the express inclusion of them in the discriminative enumeration which was, in fact, inserted in the covenant.

The judgment of the circuit court for the district of New Jersey is affirmed.